UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00075-MOC

| | | |
|---|---|---|
| AMANDA E. BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment, the Commissioner's Motion for Summary Judgment, and plaintiff's Response. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order remanding the matter to the Commissioner for further proceedings not inconsistent with this Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Supplemental Security Income benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a

decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").1 Thereafter, plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against

---

1   The Appeals Council had previously remanded an earlier ALJ determination for further analysis.

the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

> a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;
>
> b. An individual who does not have a "severe impairment" will not be found to be disabled;
>
> c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of

> Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
>
> d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
>
> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

The ALJ denied plaintiff's application for SSI benefits by finding at the fifth step that plaintiff was able to perform past relevant work as a Deli Cutter/Slicer:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The vocational expert testified that the claimant's past relevant work as a Deli Cutter/Slicer was described in the Dictionary of Occupational Titles as unskilled work (SVP 2) that is light in exertion. She reported that the cognitive demands of this job at SVP 2 require a short demonstration and up to one month to learn the job tasks. The vocational expert stated that SVP 2 jobs take a short amount of time to learn.

Administrative Record ("AR") at 24. As defendant admits in its Motion for Summary Judgment, the ALJ erred in such determination as plaintiff never performed such work at the "substantial gainful activity level."

4

The Commissioner contends that her final decision should be affirmed in any event as the alternative findings at step five of the sequential evaluation process are supported by substantial evidence. That portion of the ALJ determination provide, in relevant part, as follows:

> When asked about SVP level jobs, the vocational expe11stated that SVP 1jobs were extremely rare but an example would be a Cushion Stuffer as seen in upholstery plants. She stated that these jobs only require taking foam and putting it into a format; there would be no need for repeated instructions. She testified that the job tasks are repetitive, a 1-2 step process without much variation. The vocational expert also testified that these jobs do not require the worker to initiate anything and would not require any math skills; they would not even require counting. She stated that the person would simply have to come to work ready to perform. The vocational expert testified that given the factors as indicated by the Administrative Law Judge, the individual would be able to perform the requirements of representative occupations such as Small Parts Assembler, with 6,800 such jobs in North Carolina and 85,000 jobs in the United States; and such as Cushion Stuffer with 150 jobs in North Carolina and 7,700 jobs in the United States. The vocational expert reiterated that SVP land 2 jobs only require the worker to learn a pa1licular job task, and that once that task has been learned, the worker would be required to perform only that job task on a repetitive basis, and there would be no modifying of tasks.
>
> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in

> significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of section 202.20 in the Medical-Vocational Guidelines.

Id. at 25.

### D. Discussion

The court finds little redemption in these alternative findings as the ALJ failed to inquire of the Vocational Expert whether plaintiff could perform such work activities in light of all of the limitations outlined in plaintiff's RFC. While the transcript reveals that the ALJ prefaced his questions to the VE with an inquiry concerning whether she had been present during the hearing, at no point during the hearing did the ALJ set forth his determination of plaintiff's RFC. Instead, the VE's testimony was sidetracked by the ALJ's inquiry as to plaintiff's prior work as a Deli Slicer, the physical demands of that job, and the cognitive demands of that job. For example, the ALJ asked:

> Okay. Now, is it possible to characterize, to quantify the degree of intellectual or cognitive demands of a job from the most menial all the way up to, oh, administrative law judge, or something?

Id. at 64. The discussion with the VE never returned to a properly constructed hypothetical outlining plaintiff's RFC. Instead, the only limitation the court can discern in the ALJ's hypothetical is a requirement of written as opposed to verbal instructions. Id. at 66.

Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984).

Review of the administrative record reveals that the ALJ improperly relied on the testimony of the vocational expert because the ALJ failed to ask questions that would have ensured that the vocational expert *knew* the claimant's abilities and limitations.

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, Chester v. Mathews, 403 F. Supp. 110 (D. Md. 1975), and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. Stephens v. Secretary of Health, Education and Welfare, 603 F.2d 36 (8th Cir. 1979). In this case the ALJ did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were. Therefore, his answers to those questions were not particularly useful.
> Further, it is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities -- presumably, he must study the evidence of record to reach the necessary level of familiarity. In addition, the

> opinion of a vocational expert must be based on more than just the claimant's testimony--it should be based on the claimant's condition as gleaned from the entire record.

Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).  Here, not only was the hypothetical (or, better put, the lack of any discernable hypothetical) flawed, the jobs the ALJ ultimately relied on contained elements inconsistent with the RFC he announced in his decision.  For example, many if not all of the production jobs identified require high-volume production either explicitly or implicitly, while the ALJ limited plaintiff to "a low production setting."  A.R. at 19.  Under SSR 00-4p, an ALJ must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the vocational expert] and information in the *Dictionary of Occupational Titles* ...."

Inasmuch as the ALJ's Step Five determination is not supportable in any regard, this action must be remanded for a new hearing.  While this determination does not reach the substance of plaintiff's other arguments, plaintiff has made other arguments in her briefs concerning other errors which concern the court, including whether the ALJ gave proper or any consideration to whether she met Listing 12.05(C) at Step Four.  Thus, on remand, the ALJ will be required to consider all of plaintiff's evidence and arguments anew (including any additional evidence) and explicitly consider whether plaintiff meets Listing 12.05(c).  If she does not

meet that listing, the ALJ shall then move to the fifth step and determine whether plaintiff has the RFC to perform work existing in substantial numbers in the national and local economies.

Finally, while the court will not direct the Commissioner to assign this claim to a different ALJ (inasmuch as the court is still confident that this ALJ can fairly hear plaintiff's claims), the court will require the Commissioner to notify this court in the event a civil action is filed after remand so that this court can conduct any subsequent review.

**E.      Conclusion**

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. See <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will remanded for further proceedings not inconsistent with this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED**;

(2) the plaintiff's Motion for Summary Judgment (#6) is **GRANTED**;

(3) the Commissioner's Motion for Summary Judgment is **DENIED**; and

(4) this action is **REMANDED** to the Commissioner for further proceedings not inconsistent with this Order.

Signed: October 14, 2014

Max O. Cogburn Jr.
United States District Judge